DAWN ROMANO *v.* CITY OF DERBY
(14853)

O'Connell, Spear and Hennessy, Js.

Submitted on briefs June 10—officially released August 20, 1996

*Milo J. Altschuler* filed a brief for the appellant (plaintiff).

*Gayle C. Carr* filed a brief for the appellee (defendant).

O'CONNELL, J. On December 31, 1988, David Salemme, a supernumerary policeman employed by the city of Derby, shot his friend, the plaintiff, Dawn Romano, numerous times before fatally shooting himself. The plaintiff alleged that Derby police officers[1] employed by the city negligently failed to protect her from Salemme.

The case was tried before an attorney trial referee, who made findings of fact and concluded that the defendant was not liable to the plaintiff for the injuries that Salemme inflicted on her. The plaintiff challenged the referee's decision in the trial court, which found a sufficient basis in the evidence to support the attorney trial referee's conclusions. Accordingly, the trial court accepted the referee's report and rendered judgment for the defendant. The plaintiff appealed to this court claiming that the attorney trial referee and the trial court improperly found and concluded respectively that (1) the plaintiff failed to prove that the defendant owed her a special duty of care, (2) the officers' actions taken in this case were discretionary rather than ministerial, and (3) Salemme's criminal act absolved the defendant of liability. We affirm the judgment of the trial court.

---

[1] The officers were not named as defendants individually.

The following facts found by the attorney trial referee are necessary to resolve this appeal. During March of 1988, the plaintiff advised a Derby police sergeant that Salemme had physically abused her and that she feared Salemme would continue to abuse her. The sergeant reported the plaintiff's complaint to a superior officer and spoke with Salemme about his behavior. Although the plaintiff was advised of her right to file a written complaint and to seek a protective order in conjunction with the incident, she chose not to do so.

In December, 1988, officers responded to the report of an argument between the plaintiff, Salemme and a third individual. There was no physical contact, however, between the plaintiff and Salemme during that incident. Later that month, the plaintiff complained to a lieutenant and the chief of police that Salemme had threatened to abuse her and that she feared further acts of violence would occur. On the basis of their knowledge of the parties and the prior incidents involving them, the officers did not believe the plaintiff to be in danger.

I

We begin by setting forth the applicable standards of review. Attorney trial referees are empowered to hear and decide issues of fact. *Spears* v. *Kerars Realty Co.*, 171 Conn. 699, 702–703, 372 A.2d 121 (1976). It is axiomatic that "a reviewing authority may not substitute its findings for those of the trier of the facts." *Wilcox Trucking, Inc.* v. *Mansour Builders, Inc.*, 20 Conn. App. 420, 423, 567 A.2d 1250 (1989), cert. denied, 214 Conn. 804, 573 A.2d 318 (1990). The trial court, as the reviewing authority, may render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee. *Dills* v. *Enfield*, 210 Conn. 705, 713, 557 A.2d 517 (1989). In reviewing an attorney trial referee's report, a trial court cannot find

additional facts or reject others unless a material fact has been found without evidence. Id., 714.

## A

The plaintiff first claims that the attorney trial referee and the trial court improperly concluded that the defendant, acting through the officers, did not breach its duty of care. We disagree.

A negligence action against a state or local governmental entity for negligence cannot be predicated on the breach of a general duty owed to the public. *Sestito* v. *Groton*, 178 Conn. 520, 527, 423 A.2d 165 (1979). Instead, to maintain an action that a police department's general duty "precipitates into a special one to prevent harm to an individual, the law requires . . . a showing of harm to an identifiable victim." *Shore* v. *Stonington*, 187 Conn. 147, 156, 444 A.2d 1379 (1982). Such a special duty arises *only* in situations "where it would be apparent to the public officer that his failure to act would be likely to subject an *identifiable person to imminent harm.*" (Emphasis added.) Id., 153.

The attorney trial referee found that the plaintiff had not sustained her burden of proving that the officers owed her a special duty of care. In making this determination, the referee heard testimony from the plaintiff, the chief of police, and various members of the police department to the effect that (1) the plaintiff did not describe the extent of her difficulties with Salemme to the officers, (2) the plaintiff chose not to file a complaint or to seek a protective order, and (3) the officers did not witness any physical violence between the plaintiff and Salemme. On the basis of this evidence, the attorney trial referee found that "it was not apparent to the officers that [their] failure to act would likely subject the plaintiff, as an identifiable person, to imminent harm," and that the defendant's general duty of care was not transformed into a special one.

## B

After reviewing the transcript and testimony of the hearing, the trial court concluded that a sufficient basis existed in the evidence to support the attorney trial referee's findings and therefore concluded that judgment should be rendered for the defendant. We will not overturn these conclusions unless they are legally or logically inconsistent with the facts found. *Bruno* v. *Civil Service Commission*, 192 Conn. 335, 344, 472 A.2d 328 (1984). We cannot conclude, given the testimony before the attorney trial referee, that the trial court improperly accepted this report and rendered judgment in accordance with the findings contained therein.

## C

The plaintiff further claims that the officers owed her a special duty of care under the Family Violence Act. General Statutes § 46b-38a. We disagree.

The family violence act gives special protections to family or household members when certain incidents occur between them. In order to qualify for protection under the act, a plaintiff must fall into one of the following categories defined by the statute: "(A) spouses, former spouses; (B) parents and their children; (C) persons eighteen years or age or older related by blood or marriage; (D) persons sixteen years of age or older other than those persons in subparagraph (C) presently residing together or who have resided together; and (E) persons who have a child in common . . . ." General Statutes § 46b-38a (2). Because the plaintiff does not fall into any of these categories, she is not entitled to protection under the Family Violence Act. The officers therefore did not owe the plaintiff a special duty of care under this statute.

## II

The plaintiff next claims that even if the attorney trial referee and the trial court properly found that she was

not an identifiable person subject to imminent harm, the officers and the defendant were liable to her because the officers negligently performed their general duty to the public.

Political subdivisions of the state are immune from liability for "negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." General Statutes § 52-557n (a) (2) (B). They are not immune, however, from liability for ministerial acts "performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." (Internal quotation marks omitted.) *Kolaniak* v. *Board of Education*, 28 Conn. App. 277, 280–81, 610 A.2d 193 (1992). Thus, "liability may attach for a negligently performed ministerial act, but not for a negligently performed . . . discretionary act." Id., 281.

"Whether the act complained of . . . is [discretionary] or ministerial is a factual question which depends upon the nature of the act complained of." (Internal quotation marks omitted.) *Couture* v. *Board of Education*, 6 Conn. App. 309, 311, 505 A.2d 432 (1986). Because the attorney trial referee's findings are supported by evidence in the record, we cannot conclude that he improperly found that the acts complained of were discretionary or that the trial court improperly rendered judgment in accordance with those findings.

### III

The plaintiff finally claims that the attorney trial referee and the trial court improperly found that the defendant was exempted from liability because Salemme's acts were criminal.

A municipality is not "liable for damages to person or property caused by (A) Acts or omissions of any

employee, officer or agent which constitute criminal conduct . . . ." General Statutes § 52-557n (a) (2) (A). Salemme's acts clearly constitute assault in the first degree in violation of General Statutes § 53a-59. Under § 52-557n (a) (2) (A), the defendant is therefore not liable to the plaintiff for the injuries that Salemme inflicted on her.

The plaintiff relies on *Doe* v. *Mannheimer*, 212 Conn. 748, 563 A.2d 699 (1989), for the proposition that illegal acts of a third person do not relieve a defendant of liability if the acts are within the scope of the risk created by the defendant's conduct. This reliance is misplaced because *Doe* was not an action against a municipality and § 52-557n (a) (2) (A) did not apply.

The plaintiff also contends that the attorney trial referee could not have exempted the defendant from liability on the ground that Salemme's acts were criminal. To support this contention, the plaintiff asserts that Salemme was never prosecuted for the injuries he inflicted on the plaintiff.

It is well established that "[t]he meaning [of] a statute is determined by legislative intent and that legislative intent must be determined by language actually used in the legislation." *Broadley* v. *Board of Education*, 229 Conn. 1, 6, 639 A.2d 502 (1994). When the language used in a statute is plain and unambiguous, we will not look beyond the words themselves because we assume that the language expresses the legislative intent. *American Universal Ins. Co.* v. *DelGreco*, 205 Conn. 178, 193, 530 A.2d 171 (1987).

Section 52-557n exempts municipalities from liability for the acts of its employees that "constitute criminal conduct." There is no requirement that the employee be charged or convicted of a crime before a municipality is exempt from liability. We therefore conclude that the

attorney trial referee properly found that Salemme's acts were criminal, and the trial court properly rendered judgment in accordance with that finding.

The judgment is affirmed.

In this opinion the other judges concurred.

