[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves a suit by a plumbing subcontractor, Necmi Kose, d/b/a Akin Plumbing, Co., against a general contractor, P and L Builders, Inc., hereinafter referred to as the defendant, for work performed by the plaintiff at a subdivision located on Stillwater Road, Stamford.[1] The plaintiff alleges in the first count of his complaint that he performed services and provided material for the purpose of providing water services to four lots that comprise the subject premises and also that he did some "cleanout" work and made repairs to a water main. The plaintiff further alleges that his services were rendered pursuant to an oral contract with the defendant, but with a written schedule of payments, and that the defendant had refused to pay for such labor and material. The plaintiff seeks in this action to foreclose a mechanic's lien filed in January, 1993, in the amount of $9,660, as well as monetary damages, interest and attorney's fees. CT Page 772
The defendant filed an answer, denying the material allegations of the complaint, two special defenses and a counterclaim. The special defenses contend that the plaintiff is barred from any recovery by reason of General Statutes §52-550, the statute of frauds, and by "Chapter 847 of the Connecticut General Statutes," which pertains to "Liens."
In the counterclaim, the defendant alleges that in connection with the construction of eleven single family homes on the subject premises, the plaintiff orally agreed to perform rough plumbing for four units at $800 per unit; that the plaintiff never submitted a written contract; that the plaintiff worked for approximately one month in the fall of 1992; that the plaintiff failed to perform his plumbing services in a satisfactory and workmanlike manner; and that the plaintiff was negligent in a number of respects, causing the defendant to incur costs for repairing and replacing the work performed by the plaintiff.
This case was referred to Attorney Heather M. Brown, an attorney trial referee, in accordance with General Statutes §52-434 (a) and Practice Book § 428 et seq. The referee conducted a trial over the course of a number of days and then submitted a report finding the following facts: (1) the last day that the plaintiff performed his plumbing services was October 2, 1992; (2) the reasonable cost of rough plumbing was not $2,500 per unit as claimed by the plaintiff, but rather was approximately $475 for each unit or approximately $1,900 for the four units; (3) the defendant had not proven the allegation in its counterclaim that the plaintiff had damaged the water service and driveway of one of the homes; (4) the plaintiff had not properly located some of the water and plumbing lines, which necessitated repairs by the defendant at a cost of $7,400; and (5) the plaintiff's negligence cost the defendant an additional $536 for breaking up concrete in order to perform certain repairs.
The attorney trial referee concluded, on the basis of the above findings of fact, that: (1) the mechanic's lien was filed by the plaintiff in a timely and proper manner, and the defendant had therefore failed to prove its special defenses contending otherwise; and (2) the plaintiff was entitled to recover $474.80 per unit for rough plumbing or a total of $1,899.19, to be offset by defendant's cost to repair of $7,936.
The plaintiff, pursuant to Practice Book § 438, moved to CT Page 773 correct the report because it allegedly did not comply with Practice Book § 434, which provides that the report should contain "in separately and consecutively numbered paragraphs, the facts found and the conclusions drawn therefrom." The referee had stated the facts that she had found and the conclusions reached in a very comprehensive and lucid fashion, but technically did not employ the exact format referred to in Practice Book § 434.
In response to the motion to correct filed by the plaintiff, the attorney trial referee then redid her report in order to add numbered paragraphs for each finding of fact and conclusion in response to the proposed findings of fact and conclusions offered by both parties. She declined, however, to make any changes in her recommendation that judgment enter for the plaintiff in the amount of $1,899.19 on his complaint, and $7,936.80 for the defendant on its counterclaim.
The plaintiff then filed exceptions to the referee's report pursuant to Practice Book § 439, again asserting that the report did not follow the format directed by Practice Book § 434, thus repeating the claim asserted in the first motion to correct.
As to this court's scope of review of an attorney trial referee's report regarding the facts of a given case, the Supreme Court recently reiterated in Elgar v. Elgar, 238 Conn. 839,848-49, 679 A.2d 937 (1996), that "[a] reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. See Practice Book § 443. . . . The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) See also Romano v.Derby, 42 Conn. App. 624, 626, 681 A.2d 387 (1996) ("[T]he trial court, as the reviewing authority, may render whatever judgment appropriately follows, as a matter of law, from the facts found CT Page 774 by the attorney trial referee.").
Thus, according to Elgar v. Elgar, supra, 238 Conn. 845, this court has two tasks to perform in reviewing an attorney trial referee's report. The first is to determine whether the "referee's findings of fact were supported by the evidence." Id. The second task is to ascertain whether "the conclusions drawn therefrom were legally and logically correct." Id. As stated inRomano v. Derby, supra, 42 Conn. App. 628, "[a]fter reviewing the transcript and testimony of the hearing, the trial court concluded that a sufficient basis existed in the evidence to support the attorney trial referee's findings and therefore concluded that judgment should be rendered for the defendant. We will not overturn these conclusions unless they are legally or logically inconsistent with the facts found."
Regarding the first task of determining whether there is support in the record for the factual findings of the referee, the file discloses that, although the plaintiff filed exceptions dated November 12, 1996, to the referee's report pursuant to Practice Book § 439, he did not file with the exceptions a transcript for any of the four days of trial as required by Practice Book § 439. More importantly, the exceptions do not challenge any of the facts found by the referee or the conclusions she drew, but repeat the contention that the format of the report does not comport with Practice Book § 434. The referee, however, at the behest of the plaintiff, redid her report to add consecutively numbered paragraphs, and thus the report is in proper order and form.
It follows therefore that the factual findings by the referee must stand uncorrected. Practice Book § 439. "[F]iling exceptions seeking corrections by the court preserves the excepting party's rights in this regard. . . . A party's failure to conform to this procedure limits the reviewing court to determining whether the subordinate facts found by the attorney referee were sufficient to support the referee's ultimate factual conclusions." Blessings Corporation v. Carolton Chronic Convalescent Hospital, Inc., 7 Conn. App. 364, 367, 508 A.2d 829
(1986).
Furthermore, the plaintiff did not file any objections to the referee's report as authorized by Practice Book § 440. This means that the plaintiff has waived any right to claim that the referee's conclusions were not properly reached on the basis of CT Page 775 the subordinate facts that were found, or that there were errors in the rulings on the admission of evidence or in other rulings.Rostenberg-Doern Co. v. Weiner, 17 Conn. App. 294, 301-02,552 A.2d 827 (1989). In Rostenberg-Doern, where the plaintiff did not file objections to the referee's report and therefore failed to "follow the appropriate procedural guidelines," the court held that it was "precluded from reviewing [the plaintiff's] claim." Id., 302.
Thus, the referee's findings of fact must stand unchallenged because of the absence of valid and proper exceptions, and the plaintiff has waived the remaining issue concerning whether the referee's conclusions follow logically and legally from the underlying facts. Therefore, based on the standard of review inElgar v. Elgar, supra, 238 Conn. 848, the court finds that the referee's recommendations are not illegal or illogical. To the contrary, in the words of Practice Book § 440, her recommendations were "properly reached on the basis of the subordinate facts found." No material error in the referee's report has been found, nor any other sufficient reason for rendering the report unacceptable. See Practice Book § 443.
Accordingly, as to the plaintiff's complaint, judgment is entered in favor of the plaintiff to recover $1,899.19. Judgment is also rendered in favor of the defendant with respect to the counterclaim in the amount of $7,936, or a net recovery for the defendant in the amount of $6,036.81. Costs shall not be taxed.
So Ordered.
Dated at Stamford, Connecticut, this 25th day of February, 1997.
William B. Lewis, Judge