[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, which developed a subdivision in Wallingford, seeks damages from the town and three of its officials for negligence, for wilful, wanton and reckless behavior and for tortious interference with the plaintiff's contractual rights — all arising from the defendants' denial of certificates of occupancy for one or more of the units in the subdivision. The defendants have moved for summary judgment on all of these counts of the complaint, claiming that the plaintiff cannot recover from any of the defendants because of § 52-557n(b) of the General Statutes, which provides as follows, in pertinent part:
 Notwithstanding the provisions of subsection (a) of this section[1], a political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties shall not be liable for damages to person or property resulting from . . . (7)the . . . denial . . . of, or failure or refusal to issue . . . any . . . certificate . . ., when such authority is a discretionary function by law, unless such . . . denial . . . or such failure or refusal constitutes a reckless disregard for health or safety. . . .
It is undisputed between the parties that the certificates of occupancy were denied because of a disagreement which arose in late 1993 over the condition of the main access road to the subdivision. That dispute continues, demonstrating that there are factual issues galore between these parties. The question is CT Page 3062 whether they are disputes over "material" facts, i.e., "fact(s) that will make a difference in the result of the case. . . ."UnitedServices Automobile Assn. v. Marburg, 46 Conn. App. 99, 103
(1997). If a complaint, or individual counts thereof, is legally insufficient, disputes as to the facts underlying the plaintiff's claims will not make a difference in the result of the case and are not "material." By way of this motion for summary judgment the defendants are actually challenging the legal sufficiency of the complaint[2]. Therefore, if the statute, as they claim, does not permit recovery from the defendants, regardless of the facts, the acknowledged factual dispute over just what repairs to the access road were necessary is not a dispute as to "material" facts, and the motion for summary judgment must be granted.
Section 52-557n, C.G.S., is a codification, with some exceptions not relevant here, of prior common law on the subject of municipal immunity. Thus, the case law on "public" versus "private" duties and "ministerial" versus "discretionary" acts is relevant to decisions under the statute[3]. Indeed, the plaintiff argues that, under the facts of this case, the issuance of the certificate of occupancy was a ministerial act because the developer had met the requirements of the town's regulation concerning issuance of such certificates in new subdivisions. Or, at least that there is a genuine factual dispute over whether it had met those requirements and whether the act of issuing the certificate was ministerial or discretionary. "Whether the act complained of . . . is [discretionary] or ministerial is a factual question which depends upon the nature of the act complained of." (Citation omitted.) Romano v. Derby, 42 Conn. App. 624, 629 (1996).
This statement of the Appellate Court notwithstanding, the Supreme Court "has approved the practice of deciding the issue of governmental immunity as a matter of law." Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170 (1988). See also, Evon v.Andrews, 211 Conn. 501 (1989); Heigl v. Board of Education,218 Conn. 1 (1991). Specifically, in Gordon the Court upheld a trial court's grant of a motion to strike on the grounds that the defendant owed no duty to the plaintiffs, Id., 171, and that the operation of a municipal police department is a discretionary governmental function as a matter of law. Id., 180.
"(M)inisterial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." (Citations omitted.) Heigl v. Board ofCT Page 3063Education of New Canaan, supra, 5. The defendants here claim that the issuance of certificates of occupancy is an act replete with discretion by its very nature, and that view is supported by a number of cases. See, e.g., Steiger v. Old Lyme, Docket No. 89-510846 (judicial district of New London, Feb. 25, 1994). Cf.Redfearn v. Ellis, 28 Conn. App. 398, 401-02 (1992) . The plaintiff has cited no cases to the contrary.
The scheme of the Wallingford regulations governing the issuance of certificates in subdivisions further buttresses that conclusion in this case. In addition to the regulation which the plaintiff claims to have satisfied regarding the adequacy of its road to provide ingress and egress to the subdivision, there is a subdivision regulation, upon which the town explicitly relied, which expands the ambit of the town engineer's approval authority to the overall adequacy of the road. That regulation forbids the issuance of a certificate of occupancy "unless and until the subgrade, base course and pavement binder course for the new subdivision road has been installed, inspected and approved by the Town Engineer". The approval of these components of the subdivision are obviously committed to the discretion of the engineer, thus precluding consideration of the issuance of certificates as a ministerial act.
The affidavits submitted by the plaintiff in opposition to the motion for summary judgment go to the manner in which the engineer and the other individual defendants exercised their discretion under the regulations. This is the sort of inquiry foreclosed by the statute in the absence of an allegation that the actions of the defendants amounted to "a reckless disregard for health or safety", which is not found in the complaint.
Therefore, I agree with the defendants that §52-557n(b)(7) of the General Statutes forecloses the plaintiff's action on all three counts of the complaint to which the motion for summary judgment is directed[4]. Accordingly, the motion is granted as to counts one, two and three.
BY THE COURT SHORTALL, J.