[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Florence Krondes, filed a two count complaint, the first count of which seeks replevin of a Telefunken Microphone Elan 251 and a Pultec Equalizer from the defendant, John Montagnese. In the second count, the plaintiff alleges that the defendant converted these two items, and the plaintiff seeks either a return of these two items or money damages for wrongful detention and conversion.
On February 7, 1996, the defendant filed an amended answer, "affirmative defenses" and a counterclaim. In his answer the defendant denies the material allegations of the complaint. In his affirmative defenses the defendant contends that the plaintiff is indebted to him in the "set-off' amount of $7,900 because he had been hired as a broker to sell certain audio recording equipment belonging to the plaintiff, that he had obtained approximately $60,000 for the plaintiffs recording equipment, and that he was therefore owed $6,000 as the customary 10% commission, plus an additional $1,900 for money the defendant CT Page 11053 had expended to repair the microphone in question. The defendant also contends in his defenses that he is the rightful owner of the microphone and equalizer, and that the plaintiffs claims are barred by the doctrines of reliance, estoppel, accord and satisfaction and unjust enrichment. In his counterclaim the defendant seeks $8,000 for allegedly providing the plaintiff with 34 hours of studio time in his recording studio, and for ten hours of consulting and helping the plaintiff to "shop" her radio show to various customers.
The case was referred to Attorney Beverly M. Krieger, an attorney trial referee, in accordance with General Statutes §52-434 (a) and Practice Book § 19-2.[1] The referee submitted a report finding the following facts: (1) the plaintiff owned the microphone and equalizer, and the defendant took them in 1992, and has been using them ever since, and continues to refuse to return the items to their rightful owner, the plaintiff; (2) the microphone is worth $7,000, which is the figure that the defendant used on a shipping order and certified that this value was correct; (3) the value of the equalizer is $3,000; (4) the defendant paid $1,900 in 1993 to repair the microphone; and (4) the defendant did not prove that he was entitled to a commission of 10% for the sale of the plaintiffs equipment, but did prove that he was entitled to $5,000, as the value of his services in assisting the plaintiff on the sale of such equipment.
The attorney trial referee concluded, on the basis of the above findings of fact, that: (1) the defendant converted the plaintiffs microphone and equalizer and the plaintiff was entitled to either a replevin and possession of said items, or $10,000 damages; (2) the defendant is not entitled to be reimbursed for his repair of the microphone as he used this item and received the benefit of such repairs; (3) the plaintiff was entitled to $10,000 minus the $5,000 for the defendant's services to the plaintiff; and (4) judgment should enter for the plaintiff on the defendant's counterclaim.
Pursuant to Practice Book § 19-12, the defendant moved to correct the referee's report.[2] The defendant asked the referee to add to her report findings that: (1) the defendant, not the plaintiff, is the rightful owner of the microphone and equalizer; (2) the plaintiff had agreed to pay the defendant a 10% commission on the sale of her studio equipment; (3) the value of the microphone was not $7,000, but rather $4,000 to $5,000, and the value of the equalizer was $2,500, not $3,000, as determined CT Page 11054 by the referee.
The attorney trial referee declined to make any substantive changes in her report or recommendations in response to the defendant's motion to correct, except that she agreed that the value of the equalizer was $2,500, which changed the amount due the plaintiff from $10,000 to $9,500.
The defendant did not file exceptions to the referee's report, Practice Book § 19-13,[3] but did file objections to the report as authorized by Practice Book § 19-14.[4] The objections were limited by a letter/brief dated March 17, 1999, to a dispute regarding the value of the Telefunken microphone. The defendant contends that it was valued at $7,000 only "for insurance purposes," but that its real worth, as confirmed by an expert witness, was only $4,000 to $5,000.
This court's scope of review of an attorney trial referee's report was referred to by the Supreme Court in Elgar v. Elgar,238 Conn. 839, 848-49, 679 A.2d 937 (1996). The court held that "[a] reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. See Practice Book § 443. . . . The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. A finding of fact is clearly erroneous when there is no evidence in the record to support it. . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) See also TDS Painting and Restoration,Inc. v. Copper Beach Farm, Inc., 45 Conn. App. 743, 751,669 A.2d 173, cert. denied, 243 Conn. 908, 701 A.2d 338 (1997) (the court "cannot find additional facts or reject others unless a material fact has been found without evidence.")
Pursuant to Elgar v. Elgar, supra, 238 Conn. 845, this court has two tasks to perform in reviewing an attorney trial referee's report. The first task is to determine whether the "referee's findings of fact were supported by the evidence." Id. The second task is to ascertain whether "the conclusions drawn therefrom CT Page 11055 were legally and logically correct." Id. As stated in Romano v.Derby, 42 Conn. App. 624, 628, 681 A.2d 387 (1996), "[a]fter reviewing the transcript and testimony of the hearing, the trial court concluded that a sufficient basis existed in the evidence to support the attorney trial referee's findings and therefore concluded that judgment should be rendered for the defendant."
As noted previously, the referee determined that the value of the microphone was $7,000, the figure used by the defendant when shipping this item for repair. The transcript furnishes support for this finding.[5] The referee determined that the most accurate measure of value was the figure used by the defendant himself, and she did not credit his explanation that the figure of $7,000 was simply a negotiating ploy for the insurance company involved.
The value of the microphone is a factual determination that should not be disturbed by this court. In his motion to correct, it appears that the defendant is attempting to substitute his own version of the facts concerning this issues. If the defendant's opinion as to valuation was sustained, the court, in effect, would be retrying the case and reexamining the credibility of the witnesses. This is not permitted. Argentinis v. Gould,23 Conn. App. 9, 19, 579 A.2d 1078, rev'd on other grounds, 219 Conn. 151,592 A.2d 375 (1991). Although the transcript contains testimony by the defendant and his expert witness that is contrary to the claims of the plaintiff as to the value of the microphone, it is obvious that the referee chose to believe the testimony presented by the plaintiff. "In making this explicit factual determination, the attorney trial referee implicitly found certain witnesses to be credible and believable in their testimony. This was precisely her function as a fact finder. The resolution of conflicting factual claims falls within the province of the trial court."Nor'easter Group, Inc. v. Colossale Concrete, Inc.,207 Conn. 468, 473, 542 A.2d 692 (1988).
Additionally, "[g]reat deference is given to the trial court's findings because the trial court is responsible for weighing the evidence and determining the credibility of witnesses." Beizer v. Goepfert, 28 Conn. App. 693, 704-05,613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1049 (1992), cert. denied, 507 U.S. 973, 113 S.Ct. 1416, 122 L.Ed.2d 786
(1993). A reviewing court should not retry the facts or assess the credibility of the witnesses. The "finder of fact is in a CT Page 11056 better position to determine the credibility of the witnesses and the weight to be accorded their testimony." Beizer v. Goepfert, supra, 28 Conn. App. 706. Moreover, the fact finder is not bound by the uncontradicted testimony of any witness, including an expert witness. Id.
The recommendations of a referee should be accepted when "there is nothing that is unreasonable, illogical or clearly erroneous in the findings of the fact finder and the reasonable inferences that may be drawn therefrom." Wilcox Trucking, Inc. v.Mansour Builders, Inc., 20 Conn. App. 420, 425, 567 A.2d 1250
(1989), cert. denied, 214 Conn. 804, 573 A.2d 318 (1990). Thus, the facts found by the referee are accepted because they find support in the record.
Moreover, the referee's conclusion that judgment should enter for the plaintiff, less a set-off, follows legally and logically from her factual findings. Thus, no material error in the referee's report has been found, and there is no other sufficient reason to render the report unacceptable. Practice Book § 19-17
(a). The report is accepted and judgment hereby enters in favor of the plaintiff to recover from the defendant $9,500.
Costs are to be taxed in favor of the plaintiff by the office of the Chief Clerk in accordance with General Statutes § 52-257
and Practice Book § 18-5.
So Ordered.
Dated at Stamford, Connecticut, this 10th day of August, 1999.
William B. Lewis, Judge