IROQUOIS GAS TRANSMISSION SYSTEM ET AL.
*v.* HENRY J. MILESKI
(14448)

Dupont, C. J., and O'Connell and Landau, Js.

Argued June 4—officially released September 10, 1996

*Walter A. Flynn, Jr.*, with whom, on the brief, was *George J. Markley*, for the appellant (defendant).

*James Wu*, with whom, on the brief, was *Brian R. Shagan*, for the appellee (plaintiff).

O'CONNELL, J. The defendant, Henry Mileski, appeals from the judgment of the trial court rendered in accordance with a condemnation committee's report. Mileski claims that the court improperly rendered judgment because the committee (1) engaged in irregular or improper conduct in the performance of its duties, (2) failed to make an independent determination of value and fair compensation, (3) failed to use the "before and after" method of valuation in determining damages, (4) did not consider severance damage, and (5) did not consider the highest and best use of the property, and that the trial court improperly considered Mileski's failure to file a motion to correct the committee report pursuant to Practice Book § 438. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. The plaintiffs, Iroquois Gas Transmission System, L.P., and Iroquois Gas Transmission System, Inc. (collectively Iroquois), were in the process of laying a pipeline to transmit natural gas from Canada through New York and Connecticut across Long Island Sound to a terminus on Long Island. In the course of establishing this route,

Iroquois filed a condemnation petition seeking both a permanent and temporary easement over property owned by Mileski. Iroquois obtained the immediate right of entry over a fifty foot wide parcel of Mileski's property. Iroquois' rights were in the nature of a permanent easement affecting 0.58 acres and a temporary easement for the purposes of work space for a period of one year, affecting 0.25 acres of Mileski's property.

Pursuant to General Statutes § 16-266, a committee consisting of three state trial referees was appointed to assess damages and to award compensation for the permanent and temporary easements. During a two day hearing, the committee visited the property and heard the testimony of Mileski and each of the parties' appraisers. Both appraisers used the direct sales comparison approach to determine the value of the property. Iroquois' appraiser determined the value to be $63,900, and Mileski's appraiser determined the value to be $295,000. Posttrial briefs were also submitted to the committee.

The committee issued its report and awarded Mileski $44,743 in damages resulting from the taking of both the permanent and temporary easements. Mileski filed an objection to the report with the trial court, alleging essentially the same errors claimed in this appeal. Iroquois then filed a motion for judgment, which the trial court granted.[1]

Section 16-266 requires that the committee "view the property in question, hear the evidence, ascertain the value, assess just damages to the owner or owners of such property and report its doings to [the] court . . . ." The committee's "decision is reviewable only if it is apparent that it misapplied, overlooked, or gave a wrong or improper effect to any test or consideration

---

[1] The court did not rule on Mileski's objection to the report; however, the objection was implicitly overruled upon the court's granting of Iroquois' motion for judgment.

that it was that [committee's] duty to regard." (Internal quotation marks omitted.) *Gasparri* v. *Dept. of Transportation*, 37 Conn. App. 126, 130, 655 A.2d 268 (1995).

The trial court found that the requirements of § 16-266 were satisfied. The trial court's memorandum of decision did not address the claims against the committee, but concluded that it could not presume that the committee averaged the two appraisal figures without considering the property viewing, the evidence presented during the hearing, and the contents of the posttrial briefs. Nor did the trial court presume that the committee did not consider the "highest and best use" of the property and resulting severance damages.

A threshold procedural question is dispositive of this appeal. Practice Book § 434 requires that a committee report "state, in separate and consecutively numbered paragraphs, the facts found and the conclusions drawn therefrom. It should not contain statements of evidence or excerpts from the evidence. The report should ordinarily *state only the ultimate facts found*; but if the committee has reason to believe that his conclusions as to such facts from subordinate facts will be questioned, he may also state the subordinate facts found proven . . . ." (Emphasis added.) In the present case, the committee did not include its findings of the subordinate facts.

Practice Book §§ 435, 438 and 439 establish the procedure by which a party, who feels that a statement of subordinate facts is necessary, may make corrections to the facts contained in the committee report. If the committee has not yet filed its report, any party may make a request for subordinate findings. Practice Book § 435;[2] *Harbor Construction Corp.* v. *D. V. Frione &*

---

[2] Practice Book § 435 provides: "Either party may request a committee to make a finding of subordinate facts or of his rulings, and of the claims made, and shall include in or annex to such request a statement of the facts, or rulings, or claims, he desires the committee to incorporate in the report."

*Co.*, 158 Conn. 14, 18, 255 A.2d 823 (1969). If a party has not made a request for subordinate facts before the committee's findings and report have been filed, it may file a motion to correct, stating the findings that the party wants added or deleted. Practice Book § 438.[3] This court strictly construes the requirements of § 438. *Dorsen* v. *Kay*, 13 Conn. App. 645, 648–50, 538 A.2d 1080, cert. denied, 208 Conn. 805, 545 A.2d 1102 (1988).

If the committee fails to correct its findings in compliance with a motion to correct, the moving party may file an exception seeking correction of the findings by the court. Practice Book § 439.[4] However, "[t]he court will not consider [such] an exception unless its subject matter has been submitted to the committee in a motion to correct. . . ." Practice Book § 439.

Thus, a party who fails to file a motion to correct the facts or to add further facts severely limits his right to attack the subordinate facts in the report. *Kowalsky Properties, Inc.* v. *Sherwin-Williams Co.*, 7 Conn. App. 136, 140, 508 A.2d 43 (1986). "Absent such a motion and a subsequent exception to the report, the trial court, in ruling on the objection, [is] limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions." Id. This court is limited to considering whether the facts found in the report and the conclusions drawn therefrom are adequate to support the judgment. Id.

[3] Practice Book § 438 provides in pertinent part: "If either party desires to have the report or the finding corrected by striking out any of the facts found, or by adding further facts . . . he shall within two weeks after the filing of the report or finding file with the court a motion to correct setting forth the changes and additions desired by him. . . ."

[4] Practice Book § 439 provides in pertinent part: "If a committee fails to correct a report or finding in compliance with a motion to correct, the moving party may, within ten days after the decision on the motion to correct, file exceptions seeking corrections by the court in the report or finding. The court will not consider an exception unless its subject matter has been submitted to the committee in a motion to correct . . . . "

Mileski did not file pleadings in accordance with Practice Book §§ 435 and 438. Instead, he filed an objection to acceptance of the committee's report pursuant to Practice Book § 440.[5] Section 440, however, cannot be used to attack findings of fact. *Garofalo* v. *Argraves*, 147 Conn. 685, 687, 166 A.2d 158 (1960); *Kowalsky Properties, Inc.* v. *Sherwin-Williams Co.*, supra, 7 Conn. App. 140. Because Mileski failed to file a motion to correct, his claims must fail.

We conclude that the trial court properly rendered judgment in accordance with the committee report.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] Practice Book § 440 provides in pertinent part: "A party may file objections to the acceptance of a report on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, or that the committee erred in rulings on evidence or other rulings or that there are other reasons why the report should not be accepted. . . ."