[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves the Common Interest Ownership Act, General Statutes § 47-200 et seq., and the foreclosure of a statutory lien for common expenses at a cooperative apartment building located on Wolfpit Avenue in Norwalk. The plaintiff, Dreamy Hollow Cooperative Apartments, Inc. (Dreamy Hollow), is a unit owners' association formed in accordance with General Statutes § 47-243. In its amended complaint dated August 1, 1996 the plaintiff alleges that the defendant, Ann Randall, owns shares of stock of the plaintiff and obtained title to Unit 13-F at Dreamy Hollow in 1981. The plaintiff claims that, starting on or about June 1, 1994, the defendant failed to pay the required monthly expense assessment, referred to in the proprietary lease between the plaintiff and the defendant as "rent." The plaintiff also alleged that the arrears were in the approximate amount of $10,000 as of August 1, 1996. The plaintiff seeks a foreclosure of its statutory lien[1], General Statutes § 47-258, and related relief.
The defendant filed an answer denying the material allegations of the complaint and she also filed three special defenses and a counterclaim. The defenses and counterclaim allege that the apartment belonging to the defendant had a leaking roof which damaged the apartment and prevented its sale. The defendant also claimed that neither the plaintiff nor her tenant, who was then occupying the apartment, advised the defendant of the claimed arrearage.
This case was referred to Attorney Kenneth B. Povodator, an attorney trial referee, in accordance with General Statutes §52-434(a) and Practice Book § 428 et seq. The referee conducted a trial and then submitted a report finding the following facts: (1) the defendant did not comply with the proprietary lease because she failed to make timely payments of the "rent" required by said lease, starting in November, 1995, and continuing to approximately July, 1996; (2) on or about June 13, 1996, the defendant tendered payment of the arrearage by CT Page 7857 offering the plaintiff a check for $12,622, which exceeded the amount then due, which was rejected by the plaintiff; (3) the plaintiff incurred legal fees, including fees for a separate summary process action against the defendant, attempting to enforce its lien; (4) the roof of the unit owned by the defendant leaked water into her apartment, requiring the expenditure of money to make repairs; and (5) as of October 1, 1996, during the period in which the case was tried, the plaintiff was owed approximately $10,800 for common expense assessments and an attorney's fee of approximately $4,900.
The attorney trial referee concluded, on the basis of the above findings of fact, that: (1) the plaintiff was not entitled to a foreclosure of its statutory lien because it had been unable to render an accurate bill to the defendant; and (2) the plaintiff was not entitled to attorney's fees after June 13, 1996. The referee recommended that judgment enter in favor of the plaintiff in the amount of $9,852 for arrears in common expense assessments, and for $4,944 for attorney's fees, a total of $14,796.
The defendant, pursuant to Practice Book § 438, moved to correct the referee's report in a number of ways, including a claim that she was not in arrears with respect to the "rent" required by the proprietary lease, but to the extent that there was an arrearage, it was an obligation of her tenant. The defendant also challenged the propriety and reasonableness or the recommended attorney's fees.
In response to the motion to correct filed by the defendant, the attorney trial referee declined to change his recommendation that judgment enter in favor of the plaintiff. The referee further noted that the cost to repair the defendant's unit because of water damage from the leaky roof was $700, which should be credited to the defendant.
The defendant did not file exceptions to the report as authorized by Practice Book § 439, but did, however, file objections to the report pursuant to Practice Book § 440. In these objections, the defendant contends that: (1) she should receive a credit for amounts paid to the plaintiff on or about October 10, 1996; and (2) the plaintiff should not be awarded any attorney's fees.
As to this court's scope of review of an attorney trial CT Page 7858 referee's report regarding the facts of a given case, the Supreme Court reiterated in Elgar v. Elgar, 238 Conn. 839, 848-49,679 A.2d 937 (1996), that "[a] reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. See Practice Book § 443 . . . . The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) See alsoTDS Painting and Restoration, Inc. v. Copper Beach Farm, Inc.,45 Conn. App. 743, 751, ___ A.2d ___ (1997).
Thus, according to Elgar v. Elgar, supra, 238 Conn. 845, this court has two tasks to perform in reviewing an attorney trial referee's report. The first is to determine whether the "referee's findings of fact were supported by the evidence." Id.
The second task is to ascertain whether "the conclusions drawn therefrom were legally and logically correct." Id. As stated inRomano v. Derby, 42 Conn. App. 624, 628, 681 A.2d 387 (1996), "[a]fter reviewing the transcript and testimony of the hearing, the trial court concluded that a sufficient basis existed in the evidence to support the attorney trial referee's findings and therefore concluded that judgment should be rendered for the defendant."
Because the defendant did not file exceptions to the report, the referee's factual findings must stand uncorrected. "[F]iling exceptions seeking corrections by the court preserves the excepting party's rights in this regard . . . . A party's failure to conform to this procedure limits the reviewing court to determining whether the subordinate facts found by the attorney referee were sufficient to support the referee's ultimate factual conclusions." Blessings Corporation v. Carolton Chronic Convalescent Hospital Inc., 7 Conn. App. 364, 367, 508 A.2d 829
(1986); Practice Book § 439.
Moreover, as to the filing of objections by the defendant, "[s]ection 440 . . cannot be used to attack findings of fact." CT Page 7859Iroquois Gas Transmission System v. Mileski, 43 Conn. App. 47,52, 682 A.2d 140 (1996). "Absent . . . [an] exception to the report, the trial court, in ruling on the objection, [is] limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions." (Internal quotation marks omitted.) Id., 51.
As to the amount paid to the plaintiff on or about October 10, 1996, in the amount of $5,000 this sum was credited to defendant by the referee in calculating the arrearage. The propriety and reasonableness of attorney's fees are clearly matters of fact, which the court is bound to accept in the absence of exceptions to the referee's report.
Accordingly, judgment hereby enters in favor of the plaintiff against the defendant in the amount of $14,796, less $700 for water damage, or a total judgment of $14,096. A foreclosure of the statutory lien is not ordered as the referee recommended that a monetary judgment was, under all the circumstances, more equitable, and the plaintiff has not challenged this recommendation.
So Ordered
Dated at Stamford, Connecticut, this 28th day of July, 1997.
William B. Lewis, Judge