[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RESPONSE TO MOTION FOR ARTICULATION/CLARIFICATION
This case was referred to an attorney trial referee who, in a report dated January 25, 1997, recommended that judgment enter in favor of the plaintiff for $68,819.66, plus per diem interest. In an order dated August 29, 1997, the court entered judgment in accordance with the referee's report for the reasons set forth.
The defendant, Gerhard Hutter, appeared throughout these proceedings pro se. The defendant filed the above captioned appeal with the Appellate Court. In connection with his appeal, the defendant moved for "articulation/clarification" dated January 15, 1998. This motion lists thirteen different events or rulings. The defendant asserts that the rulings and orders have made the case "increasingly complex" and require articulation and clarification. The court responds to the defendant's motion as follows:
1. The first paragraph of the defendant's motion is correct except with respect to the statement that the defendant "could not appear in court" on January 24, 1997, which was the scheduled date of trial. The file indicates that the case first had been scheduled for trial on December 11, 1996, but the defendant moved for a continuance. On that date, Judge Karazin, civil presiding judge, sent out a notice that January 24, 1997 was a date certain for trial and that "no further continuances will be granted." This notice further indicated that the defendant's "failure to appear" would result in a "default and an immediate hearing damages."
The defendant wrote a letter to Judge Karazin which was filed on January 24, 1997, the date of trial, indicating that he was ill. The CT Page 1938 defendant sought to have the case continued so that he could "bring his medical condition under control." The file indicates that the defendant had been diagnosed three months previously as suffering from hypertension.
The file further indicates that on January 24, 1997, Judge Ryan entered an order defaulting the defendant for failure to appear at trial. The order indicated that on January 24, 1997, an assistant clerk spoke with the defendant over the telephone and informed him that if he did not appear for trial on that date, a default would enter and the matter would proceed to an immediate hearing in damages. According to the file, the defendant "indicated that he would not be appearing."
2. The second paragraph of the motion is correct to the extent that the defendant filed a motion to open the default. He also claims that he filed an objection to the ATR's report in accordance with Practice Book § 440. The defendant's objection to the report, however, related in substantial part to the denial of his motion to open the default on the basis that he was too ill to attend court on the trial date. The defendant also claimed that the finding of the amount he allegedly owed to the plaintiff was excessive and that the referee had failed to properly credit certain payments he had made to the plaintiff. It is well recognized, however, that Practice Book "[section] 440 . . . cannot be used to attack findings of fact." Iroquois GasTransmission System v. Mileski,. 43 Conn. App. 47, 52, 682 A.2d 140 (1996). The defendant's objections relate to factual findings by the referee. Section 440 refers to a claim that a conclusion of fact by a referee was not properly reached on the basis of the subordinate facts that were found. Thus, the defendant's objections to the report were rejected.
3. The third paragraph is incorrect except that the motion to open the default was given number 108. The plaintiff filed an objection on February 28, 1997 (# 109) to this motion by the defendant. The objection was "sustained" by D'Andrea, J. on June 17, 1997. However, on that same date, the clerk's office erroneously sent out a "JDNO" stating that motion #108, the defendant's motion to open, had been "sustained." The JDNO should have stated that Judge D"Andrea sustained the plaintiff's objection to opening the default. The court notes that a motion to open would be ordered "granted" and not "sustained."
In connection with his motion to open the default, the defendant included a copy of a Greenwich Hospital record of admission in October, 1996, three months prior to the trial for chest pains and syncope. The defendant also provided records relating to an admission on January 28, 1997, four days after the trial date, indicating that he CT Page 1939 was treated for presyncope. The defendant also included a letter from a medical doctor dated November 22, 1996, indicating that he had hypertension and should be excused from "stressful activities." The file does not include any reference to a more current report from a doctor.
4. The fourth paragraph is correct and substantiates the fact that any confusion arising from the clerk's notification was clarified by another JDNO dated August 5, 1997. As a result of the new notification indicating that motion #109, the plaintiff's objection to opening the default, had been sustained, the defendant knew what had happened to his motion to open the default. This is confirmed by the fact that the defendant then filed a motion dated August 14, 1997, asking that Judge D'Andrea reconsider the decision to deny his motion to open the default. This motion was not granted.
5. Paragraph five is correct except that the reason that no "formal motion" was filed is because all reports of attorney trial referees automatically appear on the short calendar on the court's own motion for "judgment on report." A motion by a party is not required. This is all explained on each short calender notice itself.
6. Motions to accept a referee's report are listed as non-arguable on the short calendar. Although the defendant sought oral argument, all such motions are "taken on the papers" on the day they appear on the short calendar. Practice Book § 211 provides that oral argument is a matter of right only with respect to motions to dismiss, motions to strike, motions for summary judgment and motions for foreclosure. On a motion for judgment on report, one is not entitled as a matter of right to oral argument. In this case, the matter was taken on the papers. The court reviewed the entire file and determined that oral argument was not warranted. This review included the defendant's objections to the denial of his motion to open the default and the referee's report itself. Thereafter, judgment was rendered in accordance with the referee's report.
7. The motion for judgment on report appeared on the August 18, 1997 short calendar and was "taken on the papers." A decision entering judgment in accordance with the ATR report was rendered on August 29, 1997.
8. The eighth paragraph is correct. The ATR found as a fact that the defendant's three sons attended the plaintiff, the Brunswick School, a private institution located in Greenwich, during the academic years 1992-1993 and 1993-1994, and had incurred expenses for tuition and related expenses totaling $59,288.96. This amount was for three sons CT Page 1940 over the course of two years. The referee also added interest of $9,347.38 from February 1, 1996, to the date of trial at the rate of 16.075% per year as authorized by the contract between the parties. The referee heard the testimony of Steven Dudley, an employee of the plaintiff, who testified; about the amount of the debt due from the defendant. As was mentioned previously, the defendant did not appear to testify. The referee's recommendation that judgment should enter in favor of the plaintiff for $68,819.66, plus per diem interest of $26.11 beginning on January 31, 1997, followed legally and logically from his factual findings. There was no basis for the court to "reconsider" the entry of judgment as requested by the defendant.
9. Paragraph nine is correct.
10. Paragraph ten is correct.
11. The motion filed by the plaintiff asking that Judge D'Andrea reconsider his decision waiving fees and costs for the appeal by the defendant was not untimely. In any event, after Judge D'Andrea vacated his decision, and after a hearing, the defendant's motion for a waiver of fees was in fact granted on February 6, 1998.
12. Judge D'Andrea vacated his ruling because the decision regarding the waiver of fees and costs on an appeal is made by the trial judge. The defendant did not suffer any prejudice as a result of the error in notification because, as indicated previously, his motion for waiver of fees was ultimately granted.
13. Paragraph thirteen is incorrect because Judge D'Andrea granted motion #113, which was the plaintiff's motion to reconsider the decision waiving fees and costs for the defendant to pursue his appeal. The clerk's office erroneously labeled two separate motions as #113. The first was a motion by the defendant dated August 14, 1997, asking that Judge D'Andrea reconsider the denial of the defendant's motion to open the default. The clerk's office also gave the same code #113 to the plaintiff's motion dated December 9, 1997, to reconsider the waiver of fees and costs. As noted, ultimately the defendant's motion for a waiver was granted. The clerk's office erred by sending a JDNO on December 19, 1997, indicating that motion #113 "to open default" had been granted. Motion #113 that had been granted was the other motion #113, the plaintiff's motion for reconsideration. This error is of no significance because, as noted above, the defendant's motion for a waiver of fees was granted shortly thereafter. Also, the court obviously could not open the default on December 19, 1997, after the case went to judgment on August 29, 1997, and is pending on appeal in the Appellate Court. This court has no further jurisdiction with respect to CT Page 1941 this case except to rule on a matter such as the waiver of fees for an appeal.
Dated at Stamford, Connecticut, this 20th day of February, 1998.
William B. Lewis, Judge