[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff John T. Loforese, filed an amended revised complaint dated March 26, 1998, containing three counts. In the first count, the plaintiff alleges that he owns and resides in a single-family private residence at 10 Ann Street, Greenwich; that in December, 1996, and January, 1997, the defendant, Hard Rock Blasting Co., Inc. (Hard Rock), engaged in the blasting of rock at property located at 149 Holly Hill Lane, which is adjacent to his residence; that the blasting by Hard Rock was performed in a negligent manner and thus damaged the plaintiffs home, including cracking the foundation and the sheetrock in various rooms.
In count two, the plaintiff contends that the value of his residence has been greatly diminished by the blasting and that Hard Rock is absolutely liable to him on the basis that blasting is an "ultra-hazardous" activity. The third count is directed against D.R.S. Consultants, Inc. (DRS), and alleges that this company was retained by Hard Rock to monitor its blasting operations, and that DRS failed to properly monitor Hard Rock's blasting operation and to inspect the plaintiffs residence.
In their answers to the complaint, the defendants denied any liability to the plaintiff, and DRS filed two special defenses. The first alleges that DRS did not have a contract with the plaintiff and owed him no duty. In the second special defense, DRS denies that its activities were the proximate cause of any damage sustained by the plaintiff
The case was referred to Attorney Jules Lang, an attorney trial referee, in accordance with General Statutes § 52-434
(a) and Practice Book § 19-2. The referee submitted a report finding the following facts: (1) the defendants introduced photographs indicating that most, if not all, of the cracks that the plaintiff was complaining about existed prior to any blasting, and that there was no enlargement of existing cracks; and (2) the defendants introduced testimony from two blasting experts that any existing damage to the plaintiffs home was not caused by blasting because there was no damage to the plaintiffs home closest to the blasting and the detonations were well below applicable government standards.
The attorney trial referee concluded, on the basis of the CT Page 4439 above findings of fact, that: (1) the plaintiff had failed to sustain his burden of proof that the blasting by the defendant, Hard Rock, had caused any damage to his home, either by way of new damage or the enlargement of pre-existing cracks; and (2) the plaintiff had not proved any negligence on the part of either defendant or that he had sustained any monetary damages. Hence the referee recommended that judgment enter for the defendants with respect to the complaint.
Pursuant to Practice Book § 19-12, the plaintiff moved to correct the referee's report[1] in the following respects: (1) the referee should have credited the testimony of Mr. John Fisher, a contractor, who testified that the damage to the plaintiffs home was caused by blasting; (2) the defendants' expert, Mr. M. H. McGivern, testified that he could not state with absolute certainty that the cracks shown in the photographs taken after the blasting were the same as shown in pictures taken before the blasting; (3) Mr. McGivern did not visit the site prior to the blasting; (4) Mr. Simms, another expert for the defendants, did not view the basement or the rock ledge before the blasting; (5) Mr. Simms' testimony regarding damage to the garage area furthest from the blasting area and blasting damage to the Spivak house adjacent to the plaintiffs property, should have been included.
The attorney trial referee declined to make any substantive changes in his report or recommendations in response to the plaintiffs motion to correct except he did agree that Mr. Simms did not visit the site prior to the blasting nor did he view the basement and the rock ledge. The referee also agreed that Mr. Simms may have spoken to the Spivaks regarding the blasting.
The plaintiff did not, thereafter, file exceptions to the report as authorized by Practice Book § 19-13.[2] However, he did file objections to the report as authorized by Practice Book § 19-14.[3] The objections reiterate the claims asserted in the motion to correct and assert that the referee should not have allowed the testimony of Mr. McGivern of Hard Rock in that he was disclosed as an expert on November 19, 1998, only about two weeks before the trial began on December 2, 1998..
This court's scope of review of an attorney trial referee's report was reiterated by the Supreme Court in Elgar v. Elgar,238 Conn. 839, 848-49, 679 A.2d 937 (1996). There, the court held that "[a] reviewing authority may not substitute its findings for CT Page 4440 those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. See Practice Book § 443. . . . The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.). See alsoTDS Painting and Restoration. Inc. v. Copper Beach Farm, Inc.,45 Conn. App. 743, 751, 669 A.2d 173, cert. denied, 243 Conn. 908,701 A.2d 338 (1997) (the court "cannot find additional facts or reject others unless a material fact has been found without evidence.").
Pursuant to Elgar v. Elgar, supra, 238 Conn. 845, this court generally has two tasks to perform in reviewing an attorney trial referee's report. The first task is to determine whether the "referee's findings of fact were supported by the evidence." Id. The second task is to ascertain whether "the conclusions drawn therefrom were legally and logically correct." Id. In this present case, however, without exceptions and a transcript, it is impossible to determine whether the factual findings are supported by the evidence. Tarka v. Filipovic, 45 Conn. App. 46,54, 694 A.2d 824 (1997). See also Beizer v. Goepfert,28 Conn. App. 693, 707, 613 A.2d 1336, cert. denied, 224 Conn. 901,615 A.2d 1049 (1992), cert. denied, 507 U.S. 973, 113 S.Ct. 1416,122 L.Ed.2d 786 (1993).
Since the factual findings by the referee cannot be overturned in this case, the remaining task is to "evaluate.., the attorney referee report as it applies the law to the facts."Tarka v. Filipovic, supra, 45 Conn. App. 53. The first point to note concerns the objections filed by the plaintiff. It is axiomatic that "[s]ection 440 . . . cannot be used to attack findings of fact." Iroquois Gas Transmission System v. Mileski,43 Conn. App. 47, 52, 682 A.2d 140 (1996). "Absent . . . [an] exception to the report, the trial court, in ruling on the objection, [is] limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions." (Internal quotation marks omitted.) Id., 51. CT Page 4441
Second, excerpts from the transcript show clearly that the attorney trial referee gave the opportunity to the plaintiff to take the deposition of Mr. McGivern, and/or continue the trial so that the plaintiff could retain his own expert to rebut Mr. McGivern. The plaintiff, however, declined both suggestions.[4]
Lastly, whether to permit expert testimony "is within the discretion of the trial court. . . . On appeal, that decision is subject only to the test of abuse of discretion. . . . The salient inquiry is whether the court could have reasonably concluded as it did." (Citations omitted.) Ciarlelli v. Romeo,46 Conn. App. 277, 280, 699 A.2d 217 (1997). "[T]he trial court has wide discretion in ruling on the admissibility of expert testimony and this discretion is not to be disturbed... unless [it] has been abused, or the error is clear and involves a misconception of the law." (Internal quotation marks omitted.)Mezes v. Mead, 48 Conn. App. 323, 334, 709 A.2d 597 (1998).
Since the referee did not abuse his discretion in admitting the expert testimony in this case and based on the standard of review outlined in Elgar v. Elgar, supra, 238 Conn. 848-49, the referee's report and recommendations are accepted. No material error in the referee's report has been found, and there is no other sufficient reason for rendering the report unacceptable. Practice Book § 19-17(a).
Judgment therefore enters in favor of the defendants.
Costs are to be taxed by the office of the chief clerk in favor of the defendants in accordance with General Statutes §52-257 and Practice Book (1998 Rev.) § 18-5.
So Ordered.
Dated at Stamford, Connecticut, this 30th day of April, 1999.
William B. Lewis, Judge