[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves a dispute between a homeowners association and the developer of an eleven-lot subdivision in Greenwich known as Bailiwick Woods. The plaintiff, Bailiwick Woods Association, Inc., is a non-stock corporation comprised of homeowners in the development known as Bailiwick Woods. The defendants are HMK Associates Limited Partnership, a limited partnership, and its principal general partner, Herbert M. Kaplan.
The plaintiff filed an eight count "Revised First Amended Complaint" dated October 15, 1998. In the first count, the plaintiff alleges that the defendants failed to collect common charges from themselves for certain lots they owned in Bailiwick Woods; that the defendants promised to construct each house, the common areas and the roadway in a good and workmanlike manner; and that a significant number of items in the recreational area and the road itself were constructed in a faulty and unworkmanlike manner. In counts two through eight of the complaint, the plaintiff alleges breach of warranty, negligent construction, breach of the standard of care of a "skilled builder," breach of the implied covenant of good faith and fair dealing, misrepresentation, violation of General Statutes §42-110b(a), the Connecticut Unfair Trade Practices Act (CUTPA), and breach by defendant Kaplan of his "fiduciary obligation" to the plaintiff association at the time he was the principal officer of said association.
The defendants filed an answer denying the material allegations of the complaint. The defendants also filed special defenses claiming the expiration of various statutes of limitation, and the lack of privity by the plaintiff to bring an action against the defendants for breach of contract and warranty.
The case was referred to Attorney Robert A. Skovgaard, an attorney trial referee, in accordance with General Statutes §52-434 (a) and Practice Book § 19-2. The referee conducted a trial, viewed the subject premises and then submitted a report pursuant to Practice Book § 19-4. The referee made the following findings of fact: (1) there was a lack of evidence presented by the plaintiff that the defendants had failed to collect unpaid common charges from themselves; (2) there was insufficient evidence that the parties hereto had agreed that the road would be built to town standards and ultimately turned over to the town of Greenwich as a public road, and the road had, in any event, been constructed in a reasonably workmanlike manner; CT Page 12266 (3) the pool, bath houses, walkway to the recreation area and the waterline had all been constructed in a reasonable and workmanlike fashion; (4) the defendants had not engaged in unfair or deceptive acts in connection with the sale of lots in Bailiwick; (5) the defendant Kaplan did not breach his fiduciary obligations to the plaintiff association: (6) the plaintiff had proved that the material selected for the doors in the bath houses was not proper for exterior use, and the replacement cost thereof was $550; and (7) the plaintiff had proved that the door jams at that location had been installed in an improper manner, and the cost of repair was $600.
The attorney trial referee concluded, on the basis of the above findings of fact, that: (1) the plaintiff had proven its allegations contained in counts two, three and four regarding breach of warranty, negligent construction and breach of the standard of care for a skilled builder; (2) judgment should enter on those counts in favor of the plaintiff in the amount of $1,150; and (3) judgment should enter in favor of the defendants on all other counts of the complaint.
The plaintiff filed objections to the report as authorized by Practice Book § 19-14 ("[a] party may file objections to the acceptance of a report on the ground that conclusions of fact stated in the report were not properly reached on the basis of the subordinate Facts found, or that the committee erred in rulings on evidence or other rulings or that there are other reasons why the report should not be accepted"). The objections tiled by the plaintiff claim that: (1) the road at Bailiwick was not constructed according to town standards as evidenced by the testimony of witnesses presented by the plaintiff; and (2) the defendants should be found to have violated CUTPA because of the two instances of faulty workmanship found by the attorney trial referee.
The file does not indicate that the plaintiff filed a motion to correct[1] or exceptions to the report.[2] In terms of the standard of review of an attorney trial referee's report, the lack of a motion to correct and exceptions to the report means that the factual findings of the referee must be accepted by this court. As was said in Tarka v. Filipovic, 45 Conn. App. 46, 54,694 A.2d 824 (1997), "failure to comply with the rules of practice governing procedures by which a party may challenge the findings of fact and factual conclusions of the attorney referee proves fatal to this claim." CT Page 12267
In any event,"[a] reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. See Practice Book [§ 19-17]. . . . The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) Elgar v. Elgar, 238 Conn. 839, 848-49, 679 A.2d 937
(1996).
As to the objections filed by the plaintiff, it should also be noted that "[s]ection 440 cannot be used to attack findings of fact." Iroquois Gas Transmission System v. Mileski,43 Conn. App. 47, 52, 682 A.2d 140 (1996). "Absent . . . [an] exception to the report, the trial court, in ruling on the objection, [is] limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions." (Internal quotation marks omitted.) Id., 51. As noted previously, the objections filed by the plaintiff relate to the referee's factual findings with respect to the quality of the construction of the road, and common recreation area at Bailiwick Woods. The plaintiffs objections cannot be the basis for rejecting these facts as that is not within the purview of a Practice Book § 19-14
objection.
Hence, the only issue left for review is whether there has been an error of law. Tarka v. Filipovic, supra,45 Conn. App. 53. ("[w]e must evaluate the trial court's adoption of the attorney referee report as it applies the law to the facts"). In this case, which involves alleged defective workmanship, the plaintiff has not identified any legal issues. The controversy is fact driven. Thus, the conclusion of the referee that the defendants are liable only for the doors and the door jams at the bath houses in the total amount of $1,150 follows legally and logically from the facts found by the referee. The recommendation of the attorney trial referee that judgment enter in favor of the plaintiff in the amount of $1,150 is accepted. CT Page 12268
So Ordered.
Dated at Stamford, Connecticut, this 7th day of September, 1999.
William B. Lewis, Judge