[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Thomas R. Yearms and Virginia A. Yearms, filed a complaint containing four counts against the defendant, Ledgebrook Condominium Association, Inc., an association that runs a condominium complex located in Norwalk. In the first count, the plaintiffs allege that they purchased from the CT Page 2315 defendant a condominium unit located at 214 Gillies Lane, and that they moved into the unit on or about August 1, 1996; that several months later their kitchen floor became moldy and was warping; and that the defendant refused to take any action to repair the same. In the second count, the plaintiffs allege that the windows and sliding glass doors of their unit were defective and that the defendant refused to replace them. In the third count, the plaintiffs contend that the defendant was negligent in failing to disclose that the sliding glass door and windows were defective. In the fourth count, the plaintiffs allege that they suffered "respiratory problems and flu-like symptoms" as a result of the mold and mildew beneath the kitchen floor. The defendant denied the material allegations of the complaint.
The case was referred for trial to Attorney Howard C. Kaplan, an attorney trial referee, in accordance with General Statutes § 52-434 (a) and Practice Book § 19-2. The referee conducted a trial and submitted a report finding the following facts: (1) about four months after moving into their condominium unit, the plaintiffs remodeled their kitchen and noted that the kitchen floor was damaged, and that the subflooring was wet and moldy; (2) at about the time that the plaintiffs took possession of their unit they noticed a leaking hose bib outside their premises, which the defendant repaired, but the plaintiffs failed to prove that the hose bid caused damage to their kitchen floor; (3) the damage to their floor could also have been caused by subgrade water, a water line or drain leak, or as a result of the kitchen renovations undertaken by the plaintiffs; (4) the sliding glass doors needed to be replaced because of fogging, but the maintenance and repair of these glass doors were the responsibility of the plaintiffs as unit owners, not the defendant association; and (5) even if the glass doors were not the responsibility of the plaintiffs, they were already fully compensated because the plaintiffs previously recovered $2,000 from the seller of their unit and the broker.
The attorney trial referee concluded, on the basis of the above findings of fact, that (1) the plaintiffs had not proved that the defendant was negligent; (2) the plaintiffs had not proved that the leaking hose bib was the cause of the damage to their kitchen floor; (3) the plaintiffs had not offered any proof regarding the second and fourth counts of their complaint, and therefore judgment should enter in favor of the defendant on all counts.
Pursuant to Practice Book § 19-12, the plaintiffs moved to CT Page 2316 correct the referee's report[1] with respect only to the buckling of the kitchen floor. The plaintiffs claim is that the evidence indicated that the leaking hose bib was the cause of their problems with the kitchen floor, and that this hose bib was the responsibility of the defendant condominium association as it was located on the outside wall of the plaintiffs' kitchen. The attorney trial referee declined to make any substantive changes in his report or recommendations in response to the plaintiffs' motion to correct.
Although the file does not reveal that the plaintiffs filed exceptions to the report as authorized by Practice Book §19-13,[2] they did file objections to the report pursuant to Practice Book § 19-14.[3] The objections reiterate the claims asserted in the motion to correct, i.e., (1) that, according to the plaintiffs, the referee should have found that "it is likely that the leaking hose bib caused the floor to buckle," and that such hose bib was located in a Common Area for which the defendant was responsible.
This court's scope of review of an attorney trial referee's report was reiterated by the Supreme Court in Elgar v. Elgar,238 Conn. 839, 848-49, 679 A.2d 937 (1996). There, the court held that "[a] reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. See Practice Book § 443. . . . The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.). See also TDS Painting and Restoration, Inc. v. CopperBeach Fanm Inc., 45 Conn. App. 743, 751, 669 A.2d 173, cert. denied, 243 Conn. 908, 701 A.2d 338 (1997) (the court "cannot find additional facts or reject others unless a material fact has been found without evidence.").
Pursuant to Elgar v. Elgar, supra, 238 Conn. 845, this court generally has two tasks to perform in reviewing an attorney trial referee's report. The first task is to determine whether the CT Page 2317 "referee's findings of fact were supported by the evidence." Id. The second task is to ascertain whether "the conclusions drawn therefrom were legally and logically correct." Id. In this particular case, however, without exceptions having been filed, the court is bound to accept the factual findings by the referee.Tarka v. Filipovic, 45 Conn. App. 46, 54, 694 A.2d 824 (1997). See also Beizer v. Goepfert, 28 Conn. App. 693, 707,613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1049 (1992), cert. denied, 507 U.S. 973, 113 S.Ct. 1416, 122 L.Ed.2d 786 (1993).
Since the factual findings by the referee cannot be overturned in this case, the remaining task is to "evaluate . . . the attorney referee report as it applies the law to the facts."Tarka v. Filipovic, supra, 45 Conn. App. 53. The first point to note concerns the objections filed by the plaintiffs. It is axiomatic that "[s]ection 440 . . . cannot be used to attack findings of fact." Iroquois Gas Transmission System v. Mileski,43 Conn. App. 47, 52, 682 A.2d 140 (1996). "Absent . . . [an] exception to the report, the trial court, in ruling on the objection, [is] limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions." (Internal quotation marks omitted.) Id., 51.
Thus, the factual findings of the attorney trial referee must stand uncorrected, including the fact that, according to the referee, the plaintiffs failed to prove that the buckling of the kitchen floor was caused by the leaking hose bib, rather than by some other source. It is obvious that the referee chose to believe the testimony offered by the defendant rather than that of the plaintiffs. "In making this explicit factual determination, the attorney trial referee implicitly found certain witnesses to be credible and believable in their testimony. This was precisely her function as a fact finder. The resolution of conflicting factual claims falls within the province of the trial court." Nor'easter Group. Inc. v. ColossaleConcrete, Inc., 207 Conn. 468, 473, 542 A.2d 692 (1988).
Additionally, "[g]reat deference is given to the trial court's findings because the trial court is responsible for weighing the evidence and determining the credibility of witnesses." Beizer v.Goepfert, 28 Conn. App. 693, 704-05, 613 A.2d 1336, cert. denied,224 Conn. 901, 615 A.2d 1049 (1992), cert. denied, 507 U.S. 973,113 S.Ct. 1416, 122 L.Ed.2d 786 (1993). A reviewing court should not retry the facts or assess the credibility of the witnesses. The "finder of fact is in a better position to determine the CT Page 2318 credibility of the witnesses and the weight to be accorded their testimony." Beizer v. Goepfert, supra, 28 Conn. App. 706. Moreover, the trial court is not bound by the uncontradicted testimony of any witness. Id.
Furthermore, the plaintiffs have not identified any legal issues that need to be resolved by this court. In their objection to the report of the attorney trial referee, they say that the only issue in this case "was simply who was responsible for the water condition plaintiffs or defendants?" The referee, however, determined that the plaintiffs did not offer sufficient evidence that the leaking hose bib caused the kitchen floor to buckle. This is a factual finding that cannot be disturbed by this court.
Therefore, based on the standard of review outlined in Elgar v.Elgar, supra, 238 Conn. 848-49, the referee's report and recommendations are accepted. No material error in the report has been found, and there is no other sufficient reason for rendering the report unacceptable. Practice Book § 19-17(a).
Judgment therefore enters in accordance with the report of the referee for the defendant on all four counts of the complaint. Costs are to be taxed in favor of the defendant by the chief clerk of this court in accordance with General Statutes §52-257 and Practice Book § 18-5.
So Ordered.
Dated at Stamford, Connecticut, this 22nd day of February, 2000.
William B. Lewis, Judge