[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves a claim for commissions by the plaintiff, Candace Garthwaite, a former business associate of the defendants, John Lynch, Brian Blackshaw and George Olmstead. The plaintiff filed a revised complaint dated September 20, 1995, containing eight counts against the defendants. In the first count, the plaintiff alleges that she went to work for the defendants, an executive search and recruiting firm, with offices in Greenwich and Atlanta, in February, 1994; that the defendant Lynch agreed that the plaintiff should be compensated on a percentage basis for clients she brought to the defendants' firm;[1] that the plaintiff became obligated for one half of the rent due on new office space that she and defendant Lynch rented and for which he agreed to be responsible; and that between July, 1994 and May, 1995, when the plaintiff terminated her relationship with the defendants, she brought four clients to the firm and was owed approximately $40,715, of which only $10,000 had been paid, leaving a balance due of $30,715. The remaining counts of the complaint allege causes of action in unjust enrichment, breach of contract, failure to pay wages in violation of General Statutes § 31-71c, violation of the covenant of good faith and fair dealing, false representations, negligent misrepresentations, and a violation of General Statutes § 42-110b, the Connecticut Unfair Trade Practices Act (CUTPA).
The defendant Lynch denied the material allegations of the complaint and filed two special defenses and a counterclaim. The first special defense claims that the action is barred by General Statutes § 52-550, the Statute of Frauds, and the second such defense contends that General Statutes § 31-71c regarding wages is not applicable to this case. The counterclaim contains ten counts. In the first count, the defendant Lynch alleges that he loaned the plaintiff $10,000 which had not been repaid; that the plaintiff was not owed anything because she did not bring any clients to the defendant firm; and that she was working on the side in violation of her obligations to the defendants. The other CT Page 2489 counts involve claims of unjust enrichment, violation of the covenant of good faith and fair dealings, false representations, negligent misrepresentations, conversion, a violation of General Statutes § 35-50 regarding trade secrets, a violation of the common law of trade secrets, estoppel and CUTPA.
Defendants Blackshaw and Olmstead denied the material allegations of the complaint and filed two special defenses. The first defense is that the case is barred by the Statute of Frauds. The second is that the plaintiff had no agreement with defendants Blackshaw and Olmstead, or with the firm "Blackshaw, Olmstead Lynch." The third special defense is that the plaintiff had an agreement only with defendant Lynch, not with themselves. These two defendants also filed a cross claim against their co-defendant Lynch, claiming that Lynch had agreed to hold them harmless and to indemnify them from any liability to the plaintiff
The case was referred for trial to Attorney Heather M. Brown, an attorney trial referee, in accordance with General Statutes § 52-434(a) and Practice Book § 19-2. The referee conducted a trial and submitted a report finding the following facts: (1) the three defendants did not operate a partnership, but rather the name "Blackshaw, Olmstead Lynch" constituted a trade name; (2) the offices in Greenwich and Atlanta were operated as two completely separate entities; (3) the defendants Blackshaw and Olmstead in the Atlanta office had nothing to do with the plaintiff being hired or compensated and had no relationship with her; (4) the plaintiff was not bringing business to Lynch but worked on a voluntary basis with several of Lynch's own clients under an arrangement in which she would receive a credit against the expenses of running the office; (5) the plaintiff attempted to get Lynch to agree to a "fee split" agreement in contradiction to their original understanding, but he did not agree to do so; and (6) both the plaintiff and the defendant Lynch signed a lease for office space running through February, 1996, and Lynch paid $7,500 to the lessor.
The attorney trial referee concluded, on the basis of the above findings of fact, that (1) the plaintiff did not have a cause of action against the two defendants in Atlanta and judgment should enter in their favor as to the complaint; (2) the plaintiff did not prove any of the eight counts of her complaint against the defendant Lynch; (3) that the plaintiff is not obliged to repay the $10,000 received from Lynch or the $7,500 due for rent for CT Page 2490 the new office space as both sums are offset by work she did for Lynch's clients; and (4) that the counterclaims be dismissed.
Pursuant to Practice Book § 19-12, the defendant Lynch moved to correct the referee's report.[2] The two defendants in Atlanta, Blackshaw and Olmstead, did not file any motions or documents with respect to the referee's recommendations, and hence Lynch will be referred to hereafter as the "defendant."[3] The motion to correct claims that the plaintiff owes the defendant $28,451 on his counterclaim, based on a $10,000 advance in May, 1995, an advance of another $10,000 relating to a client named Trashutas, $7,833 for the Rosen advance, and rent payment of $7,500, all of which the plaintiff has failed to repay, except for $6,882.
The attorney trial referee declined to make any changes in her report or recommendations in response to the defendant's motion to correct, except that she did add to her findings of fact that in addition to the $10,000 advanced by the defendant in May, 1995, to the plaintiff, he had also advanced to her two other sums, another $10,000 on account of the client Trashutas and $7,833 for a second client named Rosen for a total advance to the plaintiff of $27,833, of which the plaintiff had repaid the defendant Lynch $6,882. The referee, however, did not change her recommendation that the plaintiff was not obliged to repay the balance to the defendant as he had advanced these sums voluntarily. The referee also reconsidered the plaintiffs obligations with respect to the lease for new office space that both parties had signed, and she recommended that judgment enter for the defendant on his counterclaim for $7,500, the amount paid by him to the lessor.
Although the file does not reveal that the defendant Lynch filed exceptions to the report as authorized by Practice Book § 19-13,[4] he did file objections to the report pursuant to Practice Book § 19-14.[5] The objections reiterate the claims asserted in the motion to correct, i.e., that, according to the defendant, he should be reimbursed or repaid the moneys advanced to the plaintiff in the total amount of $20,951.
This court's scope of review of an attorney trial referee's report was reiterated by the Supreme Court in Elgar v. Elgar,238 Conn. 839, 848-49, 679 A.2d 937 (1996). There, the court held that "[a] reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter CT Page 2491 whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. See Practice Book § 443. . . . The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.). See alsoTDS Painting and Restoration, Inc. v. Copper Beach Farm, Inc.,45 Conn. App. 743, 751, 669 A.2d 173, cert. denied, 243 Conn. 908,701 A.2d 338 (1997) (the court "cannot find additional facts or reject others unless a material fact has been found without evidence.").
Pursuant to Elgar v. Elgar, supra, 238 Conn. 845, this court generally has two tasks to perform in reviewing an attorney trial referee's report. The first task is to determine whether the "referee's findings of fact were supported by the evidence." Id. The second task is to ascertain whether "the conclusions drawn therefrom were legally and logically correct." Id. In this particular case, however, without exceptions having been filed, the court is bound to accept the factual findings by the referee.Tarka v. Filipovic, 45 Conn. App. 46, 54, 694 A.2d 824 (1997). See also Beizer v. Goepfert, 28 Conn. App. 693, 707,613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1049 (1992), cert. denied, 507 U.S. 973, 113 S.Ct. 1416, 122 L.Ed.2d 786 (1993).
Since the factual findings by the attorney trial referee cannot be overturned in this case, the remaining task is to "evaluate . . . the attorney referee report as it applies the law to the facts." Tarka v. Filipovic, supra, 45 Conn. App. 53. The first point to note concerns the objections filed by the defendant. It is axiomatic that "[s]ection 440 . . . cannot be used to attack findings of fact." Iroquois Gas TransmissionSystem v. Mileski, 43 Conn. App. 47, 52, 682 A.2d 140 (1996). "Absent . . . [an] exception to the report, the trial court, in ruling on the objection, [is] limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions." (Internal quotation marks omitted.) Id., 51.
Thus, the factual findings of the attorney trial referee must CT Page 2492 stand uncorrected, including the fact that, according to the referee, the defendant paid the three advances to the plaintiff voluntarily and that she is not obligated contractually or under any other theory to repay the defendant. It is obvious that the referee chose to believe the testimony offered by the plaintiff in this regard, rather than that of the defendant. "In making this explicit factual determination, the attorney trial referee implicitly found certain witnesses to be credible and believable in their testimony. This was precisely her function as a fact finder. The resolution of conflicting factual claims falls within the province of the trial court." Nor'easter Group. Inc. v.Colossale Concrete. Inc., 207 Conn. 468, 473, 542 A.2d 692
(1988).
Additionally, "[g]reat deference is given to the trial court's findings because the trial court is responsible for weighing the evidence and determining the credibility of witnesses." Beizerv.Goepfert, 28 Conn. App. 693, 704-05, 613 A.2d 1336, cert. denied,224 Conn. 901, 615 A.2d 1049 (1992), cert. denied, 507 U.S. 973,113 S.Ct. 1416, 122 L.Ed.2d 786 (1993). A reviewing court should not retry the facts or assess the credibility of the witnesses. The "finder of fact is in a better position to determine the credibility of the witnesses and the weight to be accorded their testimony." Beizer v. Goepfert, supra, 28 Conn. App. 706. Moreover, the trial court is not bound by the uncontradicted testimony of any witness. Id.
Furthermore, whether or not the plaintiff is obliged to repay the defendant also involves ascertaining the intent of the parties. The referee found that the parties did not agree that the plaintiff would repay the advances. The intent of parties involves a factual finding which is within the exclusive province of the fact finder. Issler v. Issler, 250 Conn. 226, 235,757 A.2d 383 (1999).
The defendant, moreover, has not identified any legal issues that need to be resolved by this court. In his objection to the report of the attorney trial referee, the defendant states that the issue is whether the plaintiff must repay certain advances made to her. The referee stated that with respect to these advances: "Mr. Lynch did not have to make the advances to Ms. Garthwaite. He chose to do so." This is a factual finding that cannot be disturbed by this court.
Based on the standard of review outlined in Elgar v. Elgar, CT Page 2493 supra, 238 Conn. 848-49, the referee's report and recommendations are accepted. No material error in the report has been found, and there is no other sufficient reason for rendering the report unacceptable. Practice Book § 19-17(a).
Judgment therefore enters in accordance with the report of the referee for the defendant Lynch to recover $7,500 from the plaintiff on his counterclaim. Judgment enters for all three defendants on the plaintiffs complaint. The prejudgment remedy of attachment against the defendant Lynch's property is vacated. Costs are to be taxed in favor of the defendant by the chief clerk of this court in accordance with General Statutes §52-257 and Practice Book § 18-5.
So Ordered.
Dated at Stamford, Connecticut, this 24th day of February, 2000.
William B. Lewis, Judge