[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action to foreclose a mortgage. The plaintiff is Bankers Trust of California, N.A., as Trustee, the current holder of the promissory note secured by the mortgage. The defendant is Harry Monies.[1]
The plaintiff filed a complaint alleging that on July 2, 1992, the defendant signed a 30 year promissory note in favor of Fairmont Funding, Ltd. for $500,000, with annual interest at 8.75%. It is further alleged that on the same date, in order to CT Page 9928 secure said note, the defendant executed a mortgage of his real property located at 43 Hillcrest Park, Old Greenwich. The plaintiff also alleges that it is the current holder of this note and mortgage by virtue of a number of assignments, and that the note has been in default since April 1, 1993. The plaintiff seeks a foreclosure, a deficiency judgment and related relief
The defendant's amended answer of September 12, 1996 admits that he executed the note and mortgage but denies that he is default. The defendant also asserts a special defense that the plaintiff had agreed to release the defendant from any claim for a deficiency judgement" in consideration of the defendant's cooperation in the defense of an action concerning title to the subject premises."[2] The defendant is referring to another law suit brought by Kovack and Barry Monies against Fleet National Bank (Fleet), Fairmont Funding, Ltd. and himself regarding title to the property being foreclosed. A title company paid money to Kovack and Barry Monies to obtain a waiver of any interest in the subject premises and Harry Monies was acknowledged as the sole record title holder.
The case was referred to Attorney Heather M. Brown, an attorney trial referee, in accordance with General Statutes § 52-434 (a) and Practice Book § 19-2 The referee submitted a report on December 14, 1998[3] finding the following facts: (1) the note was in default; (2) the amount of the debt was $777,875.97, and the plaintiff waived any further interest; (3) the claim for attorney's fees, which are authorized by the note and mortgage in the event of a default, in the amount of $11,902.72 was reasonable; (4) Fleet serviced the loan at issue in this present case for the plaintiff, but only the plaintiff could make decisions regarding accepting a deed in lieu of foreclosure or any other new arrangement; (5) there was no consideration for the alleged forbearance agreement by the plaintiff because it was in the defendant's own best interests to cooperate with the title company and its counsel, Attorney Sheila A. Ozalis, in order to settle title to the subject premises in his favor; (6) the defendant did not rely on any alleged agreement by Fleet or Attorney Ozalis to accept a deed in lieu of foreclosure, and could not reasonably have relied thereon; (7) at one point Fleet sent to the defendant a "foreclosure package" relating to a possible acceptance of a deed in lieu of foreclosure, but the defendant never executed and returned these papers to Fleet. CT Page 9929
The attorney trial referee concluded, on the basis of the above findings of fact, that: (1) the promissory note and mortgage were duly executed by the defendant and the plaintiff was the current holder thereof; (2) the plaintiff is entitled to a foreclosure of its mortgage, attorney's fees and a deficiency judgment; and (3) the defendant did not prove his special defense that the plaintiff was estopped from proceeding with this action based on an alleged agreement by the plaintiff and/or its loan servicing agent, Fleet, to accept a deed in lieu of foreclosure.
Pursuant to Practice Book § 19-12, the defendant moved to correct the referee's report.[4] The defendant asked the referee to add to her report findings that: (1) Attorney Ozalis, who was also representing the plaintiff, told the defendant that the plaintiff would accept a deed in lieu of foreclosure; (2) the defendant had the right to rely on Attorney Ozalis' representations; and (3) there was no evidence that the defendant knew that only the plaintiff, as holder of the note and mortgage, could decide whether to settle its foreclosure action by accepting a deed.
The attorney trial referee declined to make any substantive changes in her report or recommendations in response to the defendant's motion to correct, except that she agreed that Attorney Ozalis "was attempting to assist Mr. Monies in order to convince Fleet that it should accept a deed in lieu of foreclosure." However, the referee further noted that Attorney Ozalis did not herself have the authority to make a decision regarding settling the foreclosure action.
In accordance with Practice Book § 19-13, the defendant thereafter filed exceptions to the referee's report.[5] The exceptions relate to the referee's refusal to make the corrections to her report sought by the defendant in his motion to correct, including deleting the finding that the defendant failed to follow up with the documents pertaining to a deed in lieu of foreclosure which had been sent to him by Fleet.
The defendant also filed objections to the report as authorized by Practice Book § 19-14.[6] The objections involve the defendant's claims that it was reasonable for him to rely on statements made to him by Attorney Ozalis regarding the plaintiff's acceptance of a deed in lieu of foreclosure.
This court's scope of review of an attorney trial referee's CT Page 9930 report was referred to by the Supreme Court in Elgar v. Elgar,238 Conn. 839, 848-49, 679 A.2d 937 (1996). The court held that "[a] reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of. . . attorney trial referees. See Practice Book § 443. . . . The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) See also TDS Paintingand Restoration, Inc. v. Copper Beach Farm, Inc.,45 Conn. App. 743, 751, 669 A.2d 173, cert. denied, 243 Conn. 908, 701 A.2d 338
(1997) (the court "cannot find additional facts or reject others unless a material fact has been found without evidence.")
Pursuant to Elgar v. Elgar, supra, 238 Conn. 845, this court has two tasks to perform in reviewing an attorney trial referee's report. The first task is to determine whether the "referee's findings of fact were supported by the evidence." Id. The second task is to ascertain whether "the conclusions drawn therefrom were legally and logically correct." Id. As stated in Romano v.Derby, 42 Conn. App. 624, 628, 681 A.2d 387 (1996), "[a]fter reviewing the transcript and testimony of the hearing, the trial court concluded that a sufficient basis existed in the evidence to support the attorney trial referee's findings and therefore concluded that judgment should be rendered for the defendant."
The main issue in this case is whether the plaintiff is estopped from proceeding with its foreclosure action because it had promised the defendant to accept a deed in lieu of foreclosure. At the time of trial before the referee, the defendant conceded that there was no written agreement by the plaintiff or Fleet to accept a deed in lieu of foreclosure, and that any alleged oral agreement purporting to do so is "clearly barred by the statute of frauds." The defendant argues, however, that the plaintiff is estopped from pursuing this action because, in the words of his counsel, "over a course of nearly two years representations were made to Mr. Monies that if he assisted in CT Page 9931 the defense of the title action, which if the bank lost would have totally set aside [its] real estate interests in the mortgage, that he would not suffer in terms of the pending foreclosure action . . . We're alleging estoppel. Representations were made, my client relied on these representations in cooperating with the bank and rejecting settlement offers from his ex-wife and his son. The rejection of that settlement offer was based on representations made by bank's counsel. After the case was settled, [the defendant] will testify these representations and promises were not kept."
"There are two essential elements to an estoppel: the parry must do or say something which is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief, and the other party, influenced thereby, must actually change his position or do something to his injury which he otherwise would not have done. Estoppel rests on the misleading conduct of one party to the prejudice of the other. In the absence of prejudice, estoppel does not exist." Breen v.Aetna Casualty Surety Co., 153 Conn. 633, 643, 220 A.2d 254
(1966). The defendant has asserted this doctrine as a special defense. The party claiming estoppel has the burden of proof. Whether that burden has been met is a question of fact. MiddlesexMutual Assurance Co. v. Walsh, 218 Conn. 681, 699, 590 A.2d 957
(1991). The referee determined that the defendant had not met this burden.
As noted previously, the referee determined that Fleet as the "mortgage servicer" could not bind the plaintiff, as mortgagee, to accept such a deed, and that the defendant's claim that he relied on Fleet's alleged representations was not reasonable. The transcript furnishes support for this finding.[7]
The issues of whether Fleet on behalf of the plaintiff agreed to accept a deed in lieu of foreclosure and whether the defendant relied on any such agreement are factual determinations that should not be disturbed by this court. In his motion to correct and exceptions, it appears that the defendant is attempting to substitute his own version of the facts concerning these issues. If the defendant's exceptions were sustained, the court in effect would be retrying the case and reexamining the credibility of the witnesses. This is not permitted. Argentinis v. Gould,23 Conn. App. 9, 19, 579 A.2d 1078, rev'd on other grounds, 219 Conn. 151,592 A.2d 375 (1991). Although the transcript contains testimony CT Page 9932 by the defendant that is contrary to the claims of the plaintiff, it is obvious that the referee chose to believe testimony presented by the plaintiff. "In making this explicit factual determination, the attorney trial referee implicitly found certain witnesses to be credible and believable in their testimony. This was precisely her function as a fact finder. The resolution of conflicting factual claims falls within the province of the trial court." Nor'easter Group, Inc. v. ColossaleConcrete, Inc., 207 Conn. 468, 473, 542 A.2d 692 (1988).
The question of an alleged settlement based on the plaintiff accepting a deed in lieu of foreclosure also involves ascertaining the intent of the parties. Determination of the intent of litigants is clearly a factual matter. SuffieldDevelopment Associates v. Society for Savings, 243 Conn. 832,852, 708 A.2d 1361 (1998). Additionally, "[g]reat deference is given to the trial court's findings because the trial court is responsible for weighing the evidence and determining the credibility of witnesses." Beizer v. Goepfert, 28 Conn. App. 693,704-05, 613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1049
(1992), cert. denied, 507 U.S. 973, 113 S.Ct. 1416,122 L.Ed.2d 786 (1993). A reviewing court should not retry the facts or assess the credibility of the witnesses. The "finder of fact is in a better position to determine the credibility of the witnesses and the weight to be accorded their testimony." Beizerv. Goepfert, supra, 28 Conn. App. 706. Moreover, the trial court is not bound by the uncontradicted testimony of any witness. Id.
The recommendations of a referee should be accepted when "there is nothing that is unreasonable, illogical or clearly erroneous in the findings of the fact finder and the reasonable inferences that may be drawn therefrom." Wilcox Trucking, Inc. v.Mansour Builders, Inc., 20 Conn. App. 420, 425, 567 A.2d 1250
(1989), cert. denied, 214 Conn. 804, 573 A.2d 318 (1990). Thus, the facts found by the referee are accepted because they find support in the record.
Moreover, the referee's conclusions flow legally and logically from her factual findings. If there was no actual reliance by the defendant on alleged representations by the plaintiff or its agents, and no reasonable basis for any such reliance, the defendant's claim of estoppel must fail. In addition, even if there had been any such reliance, contrary to the referee's finding, it is difficult to discern how the defendant was prejudiced as a result, and prejudice is also a CT Page 9933 prerequisite to detrimental reliance. Once the plaintiff brought its foreclosure action, the defendant was at risk of a deficiency judgment. It is evident that there I was discussion about the possibility of the plaintiff accepting a deed in-lieu of foreclosure, I which would have prevented the entry of a deficiency judgment, but such an agreement was never consummated. The defendant has not shown in what manner he changed his position in reliance on the plaintiff's alleged representations. A deficiency judgment was always a possibility and the defendant did not do anything to his own prejudice as a result of the alleged representations by the plaintiff and/or its agents.
Thus, no material error in the referee's report has been found, and there is no other sufficient reason for rendering the report unacceptable. Practice Book § 19-17(a). Therefore, the report is accepted and judgment hereby enters in favor of the plaintiff that its mortgage on the defendant's property be foreclosed. The debt as of the date of this judgment is fixed at $777,875.97, plus an attorney's fee of $11,902.72, for a total of $789,778.69.
This case should now be claimed for the foreclosure calendar in order to determine the type and date of foreclosure, value of the premises, and other details.
Costs are to be taxed in favor of the plaintiff by the office of the chief clerk in accordance with General Statutes §52-257 and Practice Book § 18-5.
So Ordered.
Dated at Stamford, Connecticut, this 30th day of July, 1999.
William B. Lewis, Judge